UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEITH STEWART                                                         CIVIL ACTION

VERSUS                                                                    NO. 16-8711

DARREL VANNOY, WARDEN                                    SECTION: "F"(3)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).

Petitioner, Keith Stewart, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Although a juvenile, he was tried as an adult and convicted of second degree murder under Louisiana law on January 28, 1982. On February 5, 1982, he was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence. On September 8, 1983, the Louisiana Supreme Court affirmed his conviction and sentence. State v. Stewart, 437 So.2d 872 (La. 1983).

After unsuccessfully seeking post-conviction relief in the state courts, petitioner filed a federal application for habeas corpus relief in 2006. That application was dismissed as untimely, and the United States Fifth Circuit Court of Appeals denied him a certificate of appealability.

Stewart v. Cain, No. 06-0213, 2008 WL 4372911 (E.D. La. Sept. 18, 2008), *certificate of appealability denied*, No. 08-31005 (5th Cir. June 15, 2009).

On June 25, 2012, the United States Supreme Court then held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller v. Alabama, 132 S. Ct. 2455, 2460 (2012). Based on Miller, petitioner thereafter filed a motion to correct an illegal sentence with the state district court. On March 28, 2013, the court granted that motion, vacated petitioner's original sentence, and resentenced him to a term of life imprisonment *with* the benefit of parole. On appeal, the Louisiana Fifth Circuit Court of Appeal found that petitioner's new sentence was illegally lenient under Louisiana law, amended the sentence to a term of life imprisonment *without* benefit of parole, probation, or suspension of sentence, and affirmed that sentence as amended. State v. Stewart, 134 So.3d 636 (La. App. 5th Cir. 2014). The Louisiana Supreme Court then denied his related writ application. State v. Stewart, 149 So.3d 260 (La. 2014).

After subsequent efforts to obtain post-conviction relief in the state courts proved unsuccessful, petitioner returned to the federal courts. Specifically, he moved the United States Fifth Circuit Court of Appeals for authorization to file a successive federal habeas corpus application. However, the Fifth Circuit held that, in light of the fact that petitioner had been *resentenced* since filing his first federal application, a new federal application would not in fact be considered successive; therefore, his motion for leave to file such an application was denied as unnecessary. *In re* Stewart, No. 14-30189 (5th Cir. June 18, 2014).

Petitioner then proceeded to file his second federal habeas corpus application in January of 2015, as well as an amended petition in April of 2015, arguing that his sentence was

2

unconstitutional under Miller.  In reviewing that application, the undersigned noted that the only relief to which petitioner would be entitled was an order that he be resentenced by the state courts in conformity with Miller.  The undersigned further noted, however, that such an order was unnecessary, in that the state district court had already granted petitioner's new motion to correct and vacate his sentence, holding that resentencing was again required under Miller and Montgomery v. Louisiana, 136 S. Ct. 718 (2016).  Because the state courts had already granted petitioner the only relief to which he would be entitled, the undersigned recommended that his second federal petition be dismissed as moot.  Stewart v. Cain, Civ. Action No. 15-59, 2016 WL 2976653 (E.D. La. Mar. 17, 2016).  United States District Judge Stanwood R. Duval, Jr., adopted that recommendation and dismissed the petition.  Stewart v. Cain, Civ. Action No. 15-59, 2016 WL 2942365 (E.D. La. May 20, 2016).[1]  Petitioner appealed, and his appeal was docketed as Case No. 16-30635; however, the Clerk of the United States Fifth Circuit Court of Appeals thereafter notified petitioner that, because he had in the past been barred by that Court from filing any *pro se* matters without the Court's advance written permission,[2] he was required to submit a motion for permission to proceed as a sanctioned litigant.  He has now filed such a motion, and that motion is currently pending before the Fifth Circuit in Case No. 16-90022.

Petitioner recently filed the instant third federal habeas corpus petition.[3]  In this petition, he challenges the validity of his underlying conviction.

---

[1] However, Judge Duval noted: "[T]he dismissal of this petition is without prejudice to petitioner's ability to seek federal relief with respect to [his] new sentence, once any new sentence is final, as long as it is done in a timely manner **after** exhausting his remedies in state courts."  Stewart v. Cain, Civ. Action No. 15-59, 2016 WL 2942365 (E.D. La. May 20, 2016).
[2] See In re Stewart, No. 11-31156 (5th Cir. Feb. 8, 2012).
[3] Rec. Doc. 3.

Before proceeding, this Court must first identify the statutory provision implicated by petitioner's application. Petitioner expressly asserts that he is now seeking relief under 28 U.S.C. § 2241; however, for the following reasons, the undersigned finds that petitioner's application must instead be construed as one seeking relief under 28 U.S.C. § 2254.

Clearly, both § 2241 and § 2254 can serve as a basis for relief for state prisoners. That said, the two sections are not interchangeable; rather, each applies in a specific situation. Specifically, § 2254 applies when a prisoner is challenging the legality of either his underlying state conviction or sentence, whereas § 2241 applies when a prisoner is instead challenging the manner in which prison officials are executing his sentence. See Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995); Williams v. Cain, Civ. Action No. 14-1517, 2015 WL 4647947, at *2 (E.D. La. July 27, 2015).

Here, there is no question that petitioner's instant claims concern this legality of his underlying conviction, in that he is challenging the validity of the indictment and the jurisdiction of the state court to try him as an adult. Because his claims clearly concern the constitutionality of his underlying conviction, not the manner in which his sentence is being executed, he must seek relief under § 2254, not § 2241. See Propes v. District Attorney Office, 445 Fed. App'x 766, 767 (5th Cir. 2011); Smith v. Stephens, No. 4:13-CV-544, 2013 WL 3456675, at *1 (N.D. Tex. July 9, 2013); Sims v. Cooper, Civ. Action No. 12-409, 2012 WL 5463909, at *2 (E.D. La. Oct. 11, 2012), adopted, 2012 WL 5463784 (E.D. La. Nov. 8, 2012). Accordingly, this Court may, and hereby does, construe petitioner's federal application as one seeking relief under 28 U.S.C. § 2254. See Propes, 445 Fed. App'x at 767.

### The State's Response

In its response in opposition, the state asserts a variety of defenses: (1) petitioner's application is a "second or successive" application filed without the required authorization from the United States Fifth Circuit Court of Appeals; (2) his application is untimely; (3) he failed to exhaust his remedies in the state courts; (4) his claims are procedurally barred; and, in any event, (5) his claims would not warrant federal habeas relief.[4] The undersigned will address each of these defenses in turn.

### "Second or Successive" Petition

With respect to the state's argument that the instant federal application is a "second or successive" federal petition filed without the required authorization from the United States Fifth Circuit Court of Appeals, it must be noted that federal law provides:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

[4] Rec. Doc. 11.

> *(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

28 U.S.C. § 2244 (emphasis added).

Petitioner's instant application clearly is not "second or successive" with respect to his first federal application filed in 2006. As the United States Fifth Circuit Court of Appeals held in <u>In re Stewart</u>, No. 14-30189 (5th Cir. June 18, 2014), that first application no longer counts against him due to the fact that he was resentenced long after that first application was dismissed.

Therefore, the only question is whether the instant application is considered "second or successive" with respect to his second application filed in 2015. Although locating no clear precedent concerning similar facts, the undersigned is of the opinion that the instant petition should not be considered "second or successive" because petitioner is no longer incarcerated based on the same underlying criminal judgment as he was when the 2015 petition was filed. At that time, petitioner was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence; however, as noted, the state district court has granted petitioner's motion to vacate that sentence and is now in the process of resentencing him in conformity with <u>Miller</u>. Although that new sentence apparently has not yet been imposed, his current situation is arguably analogous to the situation the Fifth Circuit addressed in <u>In re Stewart</u>, No. 14-30189 (5th Cir. June 18, 2014). Therefore, for the same reasons as noted in that opinion, the undersigned declines to recommend that the instant petition be dismissed as an unauthorized "second or successive" petition.

**Timeliness**

The state's argument on timeliness is likewise problematic.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  However, under the AEDPA, a state criminal judgment is not considered final for federal limitations purposes until *both* the petitioner's conviction *and* sentence are final.  See Burton v. Stewart, 549 U.S. 147, 156-57 (2007); Scott v. Hubert, 635 F.3d 659, 665-67 (5th Cir. 2011).  Here, petitioner's conviction obviously became final decades ago; however, he has no final sentence as of yet.  Because the state district court has granted petitioner's motion to vacate his sentence and is the midst of resentencing him, his state criminal judgment has arguably been "definalized" by the state court's action.  Once his new sentence becomes final, he would then have a new one-year period in which to seek federal habeas corpus relief.[5]  Therefore, arguably, petitioner's one year limitations has not even commenced, much less expired.

**Exhaustion**

The state's argument that petitioner's claims should be dismissed as unexhausted is also debatable at best.  It is true that "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin

---

[5] The undersigned is aware that the foregoing conclusion seems counterintuitive, in that petitioner's instant claims challenge only his original conviction, not a new sentence. Nevertheless, it appears that a petitioner's "state criminal judgment" does not become final for limitations purposes until the sentence on resentencing is final, regardless of whether the claims he is asserting in his federal application are related to his original conviction or his new sentence. Ferreira v. Secretary, Department of Corrections, 494 F.3d 1286 (11th Cir. 2007); see Scott, 635 F.3d at 665-67.

v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted).  The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.  Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

Therefore, for the federal exhaustion requirement to be met, "a petitioner must have fairly presented the substance of his claim[s] to the state courts."  Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted).  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Accordingly, to determine whether the instant federal claims are exhausted, this Court must compare those claims to the ones petitioner has presented to the Louisiana Supreme Court.  That, however, is no simple task for two reasons.

First, petitioner's claims in the instant application are not artfully stated.  Nevertheless, based on his application form and the attached supporting memorandum, it appears that petitioner is asserting two claims:  (1) the indictment was invalid in that it failed to allege that he acted with "specific intent"; and (2) the state district court lacked jurisdiction to try him as an adult.

Second, petitioner has filed numerous writ applications with the Louisiana Supreme Court over the decades since his conviction, and those applications are similarly inscrutable. However, arguably, petitioner asserted his claim challenging the indictment's validity in his Louisiana Supreme Court writ application in case number 2004-KH-0931, while he asserted his claim challenging the state district court's jurisdiction to try him as an adult in his writ application in 2010-KH-2192.[6]

Because petitioner's claims are at least arguably exhausted, and because they are subject to dismissal in any event for the alternative reasons discussed *infra*, the undersigned likewise declines to recommend that the petition be dismissed on exhaustion grounds.

## **Procedural Bar**

Even if the Court assumes for the purposes of this decision that petitioner's instant application is not "second or successive" or untimely, and further assumes that his claims are exhausted, those claims are still subject to dismissal because they are procedurally barred from federal review. The United States Fifth Circuit Court of Appeals has held:

> A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision. To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims. This rule applies to state court judgments on both substantive and procedural grounds.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).

---

[6] Copies of those writ applications can be found in this federal record at Rec. Doc. 15-1.

Here, the state courts clearly rejected petitioner's claims on procedural grounds.  As noted, the instant claims were arguably asserted in Louisiana Supreme Court case numbers 2004-KH-0931 and 2010-KH-2192.  However, in both of those cases, relief was denied because the claims were asserted in post-conviction applications untimely under article 930.8 of the Louisiana Code of Criminal Procedure. In case number 2004-KH-0931, the Louisiana Supreme Court expressly cited article 930.8 in denying relief.  State ex rel. Stewart v. State, 894 So.2d 1137 (La. 2005).  It is true that the Louisiana Supreme Court denied relief in case number 2010-KH-2192 without issuing reasons.  State ex rel. Stewart v. State, 73 So.3d 372 (La. 2011).  Nevertheless, because the lower court had expressly denied relief based on article 930.8,[7] the Louisiana Supreme Court's decision is presumed to have denied relief on the same basis.  See Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground.").

Moreover, it is beyond cavil that article 930.8 qualifies as independent and adequate rule to support a procedural bar in federal court.  Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997); see also Morris v. Cain, No. 06-30916, 2008 WL 3876479 (5th Cir. Aug. 20, 2008); Pineyro v. Cain, 73 Fed. App'x 10, 11 (5th Cir. 2003).

Where, as in the instant case, the state courts have rejected a petitioner's claims based on an independent and adequate state procedural rule, "federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result

---

[7] See Rec. Doc. 15-1, pp. 64-65.

in a fundamental miscarriage of justice." Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999). In the instant case, petitioner demonstrates neither.

"To establish cause for a procedural default, there must be something external to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted). Objective factors that can constitute cause include interference by officials that makes compliance with the state procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel. Romero v. Collins, 961 F.2d 1181, 1183 (5th Cir. 1992). Here, petitioner has not argued, much less established, cause for this procedural default. "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

Because petitioner has not met the "cause and prejudice" test, this Court need consider his claims only if the application of the procedural bar would result in a "fundamental miscarriage of justice." However, in order to establish that there would be a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted).

Petitioner has not made a showing of actual innocence. On the contrary, he has admitted his role in the crime; he simply argues that he should not have been found guilty of second degree murder because it was his co-defendant who actually killed the victim. That, however, is

11

irrelevant, because the victim was killed while petitioner and his co-defendant were engaged in the perpetration of an aggravated burglary. Under Louisiana law, that suffices:

> Second degree murder is defined by La. R.S. 14:30.1(A)(2) as the killing of a human being when the offender is engaged in the perpetration or attempted perpetration of one of several enumerated felonies, including aggravated burglary. State v. Lewis, 05-170 (La.App. 5 Cir. 11/29/05), 917 So.2d 583, 589-90, writ denied, 06–0757 (La. 12/15/06), 944 So.2d 1277. The law of principals states that all persons involved in the commission of a crime are equally culpable. See La. R.S. 14:24 and State v. Hampton, 98-0331 (La. 4/23/99), 750 So.2d 867, 880. Principals are defined as "all persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime." La. R.S. 14:24. Thus, one need not possess specific intent to kill or inflict great bodily harm to be a principal to second degree felony murder. State v. Gurganus, 03-992 (La.App. 5 Cir. 12/30/03), 864 So.2d 771, 775, writ denied, 04-0254 (La. 6/4/04), 876 So.2d 75. Rather, under the felony murder doctrine, the state need only prove the commission of the underlying felony or the attempt thereof. Lewis, 05-170 (La.App. 5 Cir. 11/29/05), 917 So.2d at 590.

State v. Boudoin, 106 So.3d 1213, 1224 (La. App. 5th Cir. 2012), writ denied, 120 So.3d 260 (La. 2013).

For these reasons, petitioner's claims are procedurally barred and should not be considered by this Court.

## **Merits**

Out of an abundance of caution, the undersigned further notes that, even if the Court were to consider petitioner's claims, they would have no merit for the following reasons.

As noted, petitioner's first claim is that the indictment in this case was defective. However, the sufficiency of an indictment is not a matter for federal habeas relief unless it can be shown that the instrument was so defective that it deprived the state court of jurisdiction. McKay v. Collins, 12 F.3d 66, 68 (5th Cir.), reh'g granted in part on other grounds sub nom. Williams v. Collins, 12 F.3d 70 (5th Cir. 1994) (per curiam). The United States Fifth Circuit Court of Appeals has

observed that the sufficiency of a state indictment is fatally defective only when there are no circumstances under which there could be a valid conviction based on that indictment, and that "determination can be made *only* by looking to the law of the state." Liner v. Phelps, 731 F.2d 1201, 1203 (5th Cir. 1984) (internal quotation marks omitted) (emphasis in original).

In the instant case, petitioner and his co-defendant were charged with the crime of first degree murder using a "short form" indictment. Louisiana law expressly authorizes the use of specific "short form" indictments with respect to certain offenses, and the United States Fifth Circuit Court of Appeals has held that their use is constitutional. Liner, 731 F.2d at 1203-04. For a charge of first degree murder, a "short form" charging document suffices under state law if it alleges that the accused "committed first degree murder of [the victim]." La. Code Crim. P. art. 465(A)(31). Here, the indictment tracked that language exactly.[8] Therefore, petitioner's first claim has no merit. See, e.g., Rick v. Cain, Civ. Action No. 12-2617, 2013 WL 6388641, at *9 (E.D. La. Dec. 4, 2013).

Petitioner's second claim is that he was sixteen years old at the time of the crime and, therefore, the state district court lacked jurisdiction to try him as an adult. However, at the time of his prosecution, La. Rev. Stat. Ann. § 13:1570 provided that juvenile courts had the exclusive jurisdiction to try cases involving cases involving juveniles *except* in certain instances – and one of those exceptions was if the juvenile, after having reached fifteen years of age, was charged having committed first degree murder. Therefore, the state district court clearly had jurisdiction

---

[8] A copy of the indictment can be found in this federal record at Rec. Doc 15-1, pp. 59-60. Although petitioner was charged with and tried for first degree murder, the jury found him guilty of second degree murder.

to try petitioner as an adult. See State v. Perique, 439 So.2d 1060, 1063 (La. 1983); State v. Leach, 425 So.2d 1232 (La. 1983).

Further, in any event, federal habeas corpus relief may be granted only to remedy violations of the Constitution and laws of the United States. 28 U.S.C. § 2254; Engle v. Isaac, 456 U.S. 107, 119 (1983). The United States Supreme Court has never held that it is *per se* unconstitutional to try juveniles as adults. See Woodward v. Wainright, 556 F.2d 781, 785 (5th Cir. 1977) ("[T]reatment as a juvenile is not an inherent right but one granted by the state legislature, therefore the legislature may restrict or qualify that right as it sees fit, as long as no arbitrary or discriminatory classification is involved."); Katherine I. Puzone, An Eighth Amendment Analysis of Statutes Allowing or Mandating Transfer of Juvenile Offenders to Adult Criminal Court in Light of the Supreme Court's Recent Jurisprudence Recognizing Developmental Neuroscience, 3 Va. J. Crim. L. 52, 65 (2015) ("[I]t is important to remember that the United States Supreme Court has never acknowledged a constitutional right to be tried in juvenile court."). Therefore, this second claim also fails.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Keith Stewart be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this thirteenth day of October, 2016.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.